IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH GERALD SNYDER,

                                    OPINION AND ORDER

            Plaintiff,

                                    19-cv-540-bbc

       v.

ANDREW SAUL,
Commissioner of Social Security,

            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Joseph Gerald Snyder is seeking review of a final decision by defendant Commissioner of Social Security, denying his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g).  Dkt. #15.  (I have amended the caption to reflect plaintiff's correct first name.)  Plaintiff seeks a remand of that decision, arguing that the administrative law judge who decided the case failed to properly consider a functional capacity evaluation performed by an occupational therapist.  For the reasons explained below, I conclude that the administrative law judge did not err in this respect and am affirming the commissioner's decision.

        The following facts are drawn from the administrative record (AR).


FACTS

        Plaintiff Joseph Snyder was born on July 30, 1964, making him 52 years old at the time he filed for disability benefits on February 23, 2017.  AR 16, 24.  He alleged that he had been disabled since June 1, 2016 because of back problems and hypertension.  AR 18,

20.  Plaintiff worked for 22.5 years as a water softener servicer and installer, but he reduced his hours to part time (about three hours a day) in June 2016 and stopped working altogether in April 2017.  AR 18, 40-41, 409.

After his applications for benefits were denied initially on May 11, 2017, and upon reconsideration on September 20, 2017, plaintiff filed a request for an administrative hearing.  AR 16.  On June 21, 2018, Administrative Law Judge Jennifer Smiley held a hearing at which plaintiff and a vocational expert testified.  Plaintiff was represented by counsel at the hearing.  Id.  At the hearing, plaintiff testified that he has constant, intense and excruciating back pain that disrupts his sleep and is aggravated by standing, walking and lifting.  AR 20, 43-45.  He also testified that he can stand for only 15 to 20 minutes at a time, walk only a half block, sit for no more than 30 minutes at a time and lift only 10 pounds.  AR 20, 45, 48.

In a written decision issued on September 18, 2018, the administrative law judge found that plaintiff was severely impaired by degenerative disc disease of the lumbar spine, but that he retained the residual functional capacity to perform light work limited to frequent stooping, kneeling, crouching, crawling and climbing of stairs, ramps, ladders, ropes and scaffolds.  AR 19.  In reaching her decision, the administrative law judge found plaintiff's reported symptoms to be "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AR 20.  In particular, the administrative law judge noted that plaintiff had short-lived and conservative treatment (from June to December 2016), his back pain showed improvement after surgery

2

in October 2016 and he was able to continue working part-time through most of the relevant period as a water softener servicer and installer, which involved a lot of bending, twisting and lifting.  AR 21 (citing AR 420).

With respect to the opinion evidence, the administrative law judge stated that she gave great weight to the opinions of the state reviewing physicians, who found that plaintiff was capable of light work with postural limitations.  AR 22.  However, the administrative law judge gave little weight to the December 22, 2016 functional capacity evaluation conducted by occupational therapist David Wirth, who found that plaintiff demonstrated a significant loss of function because he self-limits all movement based on his pain and would have difficulty meeting the physical demands of any job.  AR 22-23 (citing AR 409-11).  She pointed out that Wirth was not an acceptable medical source, 20 C.F.R. § 404.1527(f), and that his general statements regarding plaintiff's ability to work were unhelpful because they were not consistent with plaintiff's brief and conservative medical treatment and he offered his opinion on an issue reserved for the commissioner, 20 C.F.R. § 404.1527(d).   In addition, the administrative law judge noted that Wirth mentioned multiple times in his report that plaintiff's performance was affected by his self-limiting behavior.  AR 23.  (I discuss Wirth's findings and the administrative law judge's reasoning in further detail below.)

Relying on the testimony of a vocational expert who testified in response to a hypothetical question based on plaintiff's residual functional capacity assessment, the administrative law judge found that plaintiff could not perform his past relevant work but

that jobs existed in significant numbers in the national economy that plaintiff could perform, including cashier, housekeeping cleaner and production assembler.  AR 24-25.

OPINION

In reviewing the administrative law judge's decision with respect to the parties' arguments, I must determine whether the decision is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted). This deferential standard of review "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision."  Id.   The administrative law judge must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination."  Id.  See also Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review."); Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009).

Plaintiff's sole issue on appeal is that the administrative law judge "almost completely ignored" the functional capacity evaluation performed by David Wirth on December 22, 2016, did not say what weight she gave it and did not explain why she discounted it.  Dkt. #16 at 6.  See also dkt. #19 at 8 (clarifying that challenge was to administrative law judge's assessment of Wirth's evaluation and not weight given to state agency physician opinions). Although the administrative law judge correctly noted that occupational therapists are not

4

"acceptable medical sources" who can offer medical opinions entitled to controlling weight for purposes of social security disability determinations, 20 C.F.R. §§ 404.1502 and 404.1527(f), "this evidence may be used to show the severity of an impairment and how it affects a claimant's ability to function." Thomas v. Colvin, 826 F.3d 953, 961 (7th Cir. 2016). See also Soc. Sec. Ruling 06-3p (applicable to claims filed on or before Mar. 27, 2017) (administrative law judge must consider and properly weigh such opinions using basic principles in 20 C.F.R. § 404.1527(d)). Contrary to plaintiff's contentions, however, the administrative law judge devoted significant discussion to Wirth's report in two different sections of her decision, specifically stating that she was giving it "little weight" and providing good reasons for discounting it. AR 21-23.

As an initial matter, the administrative law judge reasonably concluded that Wirth's general statements that plaintiff is disabled, unable to work and cannot perform a past job improperly stated conclusory opinions on issues reserved to the commissioner. Loveless v. Colvin, 810 F.3d 502, 507 (7th Cir. 2016) (provider's statements that claimant was disabled or incapable of working are not medical opinions, but are findings reserved for commissioner). However, contrary to plaintiff's assertion, she did not summarily dismiss Wirth's report solely on this ground. The administrative law judge correctly noted that Wirth reported that plaintiff was not an appropriate candidate for a work hardening program or competitive work "due to his self-limiting behavior." AR 21 (citing AR 409-11). In particular, the administrative law judge cited Wirth's statements that plaintiff self-limits his performance based on pain, is unwilling to perform any task that will increase his low back

pain (such as lifting more than 10 pounds or performing any independent home activities), perceives himself as "disabled" and made it clear that his goal was to be on social security disability.  Id.  The administrative law judge also noted correctly that plaintiff stopped treatment for his back pain around this time and that his treating physician's office refused to refill plaintiff's pain medication on February 13, 2017 because plaintiff was self-limiting his functioning and had reported that the medications did not work.  AR 21 (citing AR 407).

In his reply brief, plaintiff argues for the first time that the administrative law judge should have asked him about his self-limiting behavior, which plaintiff equates to a failure to follow prescribed treatment.  Roddy v. Astrue, 705 F.3d 631, 638-39 (7th Cir. 2013) (agency requires administrative law judges assessing claimant's subjective complaints to inquire about claimant's reasons for not seeking treatment).  By failing to raise this issue until his reply, however, plaintiff has waived it.  Wonsey v. City of Chicago, 940 F.3d 394, 398 (7th Cir. 2019).  Moreover, the administrative law judge was not persuaded that plaintiff's allegations concerning his abilities and limitations were entirely credible, and plaintiff has not challenged that finding, so any argument in that regard is waived as well.

In sum, I find that the administrative law judge did not commit reversible error in considering Wirth's 2016 functional capacity evaluation of plaintiff.  Accordingly, I am affirming the commissioner's decision denying benefits and dismissing plaintiff's appeal.

ORDER

IT IS ORDERED that plaintiff Joseph Gerald Snyder's motion for summary judgment, dkt. #15, is DENIED.   The final decision of defendant Andrew Saul, Commissioner of Social Security, denying plaintiff benefits, is AFFIRMED.   The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 18th day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7